[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This action is a petition for a new trial by the plaintiff, who was previously convicted after trial of robbery first degree CT Page 11206 and larceny third degree. The convictions were later upheld on appeal by the Appellate Court. In this case the plaintiff claims that newly discovered evidence entitles him to a new trial.
By way of special defense the defendants allege that the plaintiff is collaterally estopped from attempting to prove one of the essential elements in connection with a petition for a new trial, because that issue has been litigated and decided adversely to the plaintiff in a petition for a writ of habeas corpus filed by him alleging ineffective assistance of counsel.
The defendants have moved for summary judgment on their special defense and have filed a copy of the memorandum of decision in the habeas corpus case. The issue before the court is whether the defendants have established that there is no genuine issue of material fact relative to the special defense and that judgment should enter in favor of the defendants on the claim of collateral estoppel as a matter of law.
In order to succeed on the petition for a new trial, one of the factual issues that the plaintiff must prove is that the alleged newly discovered evidence "is likely to produce a different result in a new trial." Asherman v. State, 202 Conn. 429, 432.
In the aforementioned petition for a writ of habeas corpus case, the plaintiff was required to prove, among other things, that if it had not been for the alleged inadequate representation, the result of the criminal trial would probably have been different. The claim was that the plaintiff's attorney in the criminal trial failed to investigate and produce certain evidence. In the memorandum of decision on the petition for writ of habeas corpus, the court (Hodgson, J.) found that the petitioner had failed to prove that but for his counsel's failure to take certain action, the result of the original trial would have been different. The evidence which the plaintiff claims in this case is newly discovered evidence is the same evidence that he claimed his counsel failed to investigate and produce in the habeas corpus matter. The effect of Judge Hodgson's ruling was to find that that evidence, if produced, would not have changed the outcome of the original criminal trial.
 "Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily CT Page 11207 determined in a prior action between the same parties upon a different claim. State v. Aillon, 189 Conn. 416, 424 n. 8, 456 A.2d 279
(1983); State v. Wilson, 180 Conn. 481, 485, 429 A.2d 931 (1980); 1 Restatement (Second), Judgments § 27; James Hazard, supra, §§ 11.3 and 11.17."
In re Juvenile Appeal (83-DE), 190 Conn. 310, 316 (1983).
One of the issues of fact, which is an essential element in this case and which was also an essential element in the habeas corpus case alleging inadequate assistance of counsel which the plaintiff must prove, is whether the same evidence, if produced, probably would have affected the result of the original criminal trial. In the habeas corpus case Judge Hodgson found that he failed in that burden. Therefore, it is clear that an issue which the plaintiff must prove in this case, wherein he seeks a new trial, "was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." Inre Juvenile Appeal (83-DE), supra.
The defendant in the habeas corpus case was the warden of the State correctional center where the plaintiff was then serving his sentence, and in this case the defendants are the State of Connecticut and two assistant state's attorneys. The court is of the opinion that since the defendant in the habeas corpus case was being sued in his capacity as a representative of the State of Connecticut, and the defendants in this case are the State of Connecticut and two representatives of the State, the parties in both cases are sufficiently identical for collateral estoppel purposes.
The court finds that the defendants have established that there is no genuine issue of material fact relative to the special defense, and that the plaintiff, as a matter of law, is collaterally estopped from attempting to prove an essential element in this case wherein he seeks a new trial.
Accordingly, for the reasons above stated, the defendant's motion for summary judgment is granted.
Hadden, J. CT Page 11208